

FILED

02 DEC 10 PM 3:46

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROY FASTABEND,

    Plaintiff,

vs.                                     Case No.: 6:02-cv-1161-Orl-28JGG

FOSTER WHEELER
CONSTRUCTORS, INC.,
a Delaware corporation,

    Defendant.

_____/

**AMENDED COMPLAINT, DEMAND FOR
INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, ROY FASTABEND (hereinafter referred to as "Fastabend" or "Plaintiff"), by and through undersigned counsel, and hereby files his Amended Complaint against the Defendant, FOSTER WHEELER CONSTRUCTORS, INC., a Delaware corporation, (hereinafter referred to as "Foster Wheeler" or "Defendant"), and the Plaintiff alleges as follows:

**NATURE OF CLAIM**

1. This is an action for damages, declaratory and injunctive relief to redress the deprivation of rights secured by Civil Rights Act of 1866, 42 U.S.C. § 1981 and the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

2. This is an action and claim for damages in excess of $15,000, exclusive of attorney's fees and costs.

## VENUE

3. The venue of this Court over this controversy is proper inasmuch as the unlawful employment practices, detailed more fully below, occurred in Volusia County, Florida; the majority of the material witnesses to this litigation reside in Volusia County, Florida; at all times material hereto the Defendant operated a going business in Volusia County, Florida, located at P.O. Box 471397, Debary, Florida 32713; and said business is the situs of the unlawful employment practices described more fully below.

## THE PARTIES

4. Plaintiff, Fastabend, a Hispanic, was employed with the Defendant as a Welding Inspector at the location detailed in paragraph three above from approximately March 7, 2001 through approximately September 28, 2001. At all times material hereto, the Plaintiff was a resident of Sanford, Florida, County of Seminole.

5. Defendant Foster Wheeler is a Delaware corporation authorized to do business, transacting business and performing services in Debary, Volusia County, Florida, and is an employer as that term is defined by the Florida Civil Rights Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Prior to filing this civil action, on or about October 25, 2001, Fastabend timely filed a written charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) complaining of discrimination based on National Origin

7. More than 180 days have passed since the Charge of Discrimination based on National Origin was filed and the FCHR has failed to render a determination with regard to this Charge.

8. On or about December 16, 2001, Plaintiff timely filed a written charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) complaining of discrimination based on retaliation.

9. More than 180 days have passed since the Charge of Discrimination based on retaliation was filed and the FCHR has failed to rendered a determination with regard to this Charge.

## STATEMENT OF FACTS

10. On or about March 7, 2001, Plaintiff first became employed by Foster Wheeler as a welder and later as a welding inspector. At all times material hereto, Plaintiff was qualified for and capably performed in his employment position with the Defendant.

11. Soon after Plaintiff began working he was subjected to discriminatory treatment by Defendant. Such discriminatory treatment included, but is not limited to, (a) exclusion from work meetings; (b) paying Plaintiff less than other non-Hispanic welders performing the same work, (c) denial of access to work areas not denied to other non-Hispanic employees, (d) failure to provide work equipment provided to other non-Hispanic employees; (e) excessive oversight of Plaintiff's work as compared to other non-Hispanic employees, (d) failure to provide training afforded to other non-Hispanic employees and (e) failure to promote in a timely fashion.

12. After first complaining to management about the disparate treatment and finding little or no relief, Plaintiff told his manager in early September 2001 that he intended to contact the EEOC to lodge a complaint of discriminatory treatment.

13. In late September 2001 Plaintiff informed his manager, Robert Langdon, that he had an appointment with the EEOC in Miami on October 1, 2001 to file a complaint with the agency concerning the disparate treatment he had been enduring. In response, Robert Langdon stated that he was not concerned about Plaintiff's appointment with the EEOC because Foster Wheeler had "good lawyers."

14. Plaintiff did meet with the EEOC on October 1, 2001 and on that same day Defendant terminated Plaintiff's employment without cause or justification.

15. Plaintiff has retained the firm of Bogin, Munns & Munns to represent him in this action and has agreed to pay said firm a reasonable attorney's fee.

## COUNT I
## (42 U.S.C. 1981)

16. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 5, 10 through 11 and 15 above

17. The above-described discriminatory acts and conduct by Foster Wheeler, its agents and employees violate the Thirteenth Amendment of the United States Constitution as protected by 42 U.S.C. § 1981.

18. The above-described discriminatory acts deprived Fastabend from the performance and enjoyment of all benefits, terms and conditions of his contractual relationship with Foster Wheeler.

19. The above-described discriminatory acts by Foster Wheeler were performed against Fastabend because of his race and ethnicity which is Hispanic.

20. As a direct and proximate result of said acts, Fastabend has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

WHEREFORE Plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of the Defendant complained of herein are in violation of the laws of the United States;

2. Enjoin and permanently restrain these violations;

3. Direct Defendant to reinstate Plaintiff into his previous position with the Defendant;

4. Award Plaintiff lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

5. Award Plaintiff compensatory damages, including mental and emotional distress, punitive damages and front pay;

6. Award Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

7. Award Plaintiff such other and further relief as is just and proper.

### COUNT II
### (National Origin Discrimination-Harassment)

21. This is an action for National Origin discrimination pursuant to Chapter 760, *Florida Statutes*.

22. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 7 and 10 through 15 above.

23. The above-described discriminatory acts by Defendant were pervasive and severe to such a degree that they altered Plaintiff's conditions of employment through the creation of a hostile work environment.

24. The above-described discriminatory acts were performed against Plaintiff by Defendant because of his Hispanic and, more specifically, El Salvadorian national origin.

25. As a direct and proximate result of said acts, Fastabend has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

WHEREFORE Plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of the Defendant complained of herein are in violation of the laws of the United States;

2. Enjoin and permanently restrain these violations;

3. Direct Defendant to reinstate Plaintiff into his previous position with the Defendant; or in the alternative, award front pay;

4. Award Plaintiff lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

5. Award Plaintiff compensatory damages, including mental and emotional distress, in addition to punitive damages;

   6. Award Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to Chapter 760, *Florida Statutes*; and

   7. Award Plaintiff such other and further relief as is just and proper.

## COUNT III
### (National Origin Discrimination-Termination)

26. This is an action for damages pursuant for National Origin discrimination pursuant to Chapter 760, *Florida Statutes*.

27. Plaintiff realleges and incorporates herein the allegations 1 through 15 above.

28. The Defendant's decision to terminate Plaintiff's employment was on account of his Hispanic, and more specifically, El Salvadorian national origin.

29. As a direct and proximate result of said acts, Fastabend has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

WHEREFORE Plaintiff respectfully requests that this court grant the following relief:

   1. Enter a declaratory judgment that the acts and practices of the Defendant complained of herein are in violation of the laws of the United States;

   2. Enjoin and permanently restrain these violations;

   3. Direct Defendant to reinstate Plaintiff into his previous position with the Defendant; or in the alternative, award front pay;

7

4. Award Plaintiff lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

5. Award Plaintiff compensatory damages, including mental and emotional distress, in addition to punitive damages;

6. Award Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to Chapter 760, *Florida Statutes*; and

7. Award Plaintiff such other and further relief as is just and proper.

## COUNT IV
### (Chapter 760-Retaliation)

30. This is an action for damages for retaliation pursuant to Chapter 760, *Florida Statutes*

31. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 5 and 8 through 15 above.

32. Defendant's decision to terminate Plaintiff's employment was in retaliation for Plaintiff's opposition to the discriminatory practices described above, which included informing his superior of his intent to file a charge of discrimination with the EEOC and Plaintiff's actual meeting on October 1, 2001 with the EEOC in order to file a charge of discrimination.

33. As a direct and proximate result of said acts, Fastabend has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to his reputation.

WHEREFORE Plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of the Defendant complained of herein are in violation of the laws of the United States;

2. Enjoin and permanently restrain these violations;

3. Direct Defendant to reinstate Plaintiff into his previous position with the Defendant; or in the alternative, award front pay;

4. Award Plaintiff lost wages, including lost fringe benefits, which resulted from the illegal discrimination;

5. Award Plaintiff compensatory damages, including mental and emotional distress, in addition to punitive damages;

6. Award Plaintiff the costs of this action, together with reasonable attorney's fees pursuant to Chapter 760, *Florida Statutes*; and

7. Award Plaintiff such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims so triable.

Dated this 10th day of December 2002.

*[signature]*

CHARLES L. SCALISE., Trial Counsel
Fla. Bar No. 776327
BOGIN, MUNNS & MUNNS
2601 Technology Drive
Orlando, FL 32804
P.O. Box 2807
Orlando, Florida 32802-2807
Tel. 407-578-1334
Fax 407-578-2347
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent by U.S. Mail to John Dickinson, Constagy, Brooks & Smith, LLC, P.O. Box 41099, Jacksonville, Florida 32203, this 10th day of December, 2002.

*[signature]*
_____
Charles Scalise